UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ABBOTT LABORATORIES et al.,

                Plaintiffs,

-against-

ADELPHIA SUPPLY USA et al.,

                Defendants.
------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 29 2016 ★
BROOKLYN OFFICE

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-5826 (CBA) (MDG)

**AMON, United States District Judge:**

Before the Court is the third request for a preliminary injunction from plaintiffs Abbott Laboratories, Abbott Diabetes Care Inc., and Abbott Diabetes Care Sales Corp. (collectively, "Abbott"). The Court has already granted preliminary injunctions against two groups of defendants in this trademark-infringement action. (See D.E. # 131, "First P.I. M&O"; D.E. # 258, "Second P.I. M&O.") Abbott now seeks a temporary restraining order ("TRO") and preliminary injunction against a third group of defendants, namely 206 new defendants associated with 108 independent sellers of the international FreeStyle diabetic test strips at issue in this case (collectively, the "new defendants"). (See D.E. # 309 at 4.) The Court issued an order to show cause why a TRO and preliminary injunction should not issue that set a briefing schedule and a hearing date. (See D.E. # 314.) No defendants opposed the TRO, in writing or at the TRO hearing. (See Minute Entry dated April 7, 2016.) The Court therefore granted the unopposed TRO. (See D.E. # 352.)

1

Similarly, no party has opposed the preliminary injunction, either in writing or at the evidentiary hearing held on April 25, 2016.[1] The Court now grants the unopposed request for a preliminary injunction.

## FACTUAL FINDINGS

Many of the Court's factual findings from the First P.I. M&O apply equally to the instant request. As the Court found there, Abbott owns the family of trademarks that appear on FreeStyle and FreeStyle Lite blood glucose test strips, which individuals with diabetes use to monitor their blood-sugar levels. (First P.I. M&O at 2.) Abbott sells FreeStyle strips in the United States and around the world. (Id.) Although the test strips themselves are identical wherever sold, the international packages contain a number of differences from the domestic ones, discussed in detail in the First P.I. M&O. (Id. at 2–5.) Abbott proffers uncontested evidence that the new defendants engaged in the domestic sale of international FreeStyle test strips. (See D.E. # 307, Second Am. Compl. ¶¶ 52, 54, 70–71, 95–248, 283–89; D.E. # 310, Declaration of Geoffrey Potter dated March 28, 2016; D.E. # 311, Declaration of Thomas J. Kneir dated March 25, 2016; D.E. # 312, Declaration of Brian Cairl dated March 28, 2016.)

## STANDARD OF REVIEW

A plaintiff seeking a preliminary injunction must show (1) that there is either a likelihood of success on the merits or sufficiently serious questions going to the merits; (2) that there is a likelihood of irreparable harm for which remedies at law would be inadequate; (3) that the balance of hardships tips in the plaintiff's favor; and (4) that the public interest would not be disserved by issuing preliminary relief. See Winter v. NRDC, 555 U.S. 7, 20 (2008); Am. Civil

---

[1] Many of new defendants have stipulated to the preliminary injunction. (See D.E. # 320, 322, 323, 333, 334, 335, 336, 338, 339, 342, 345, 346, 348, 349, 357, 363, 366, 367, 368, 369, 370, 383, 396, 397, 408, 411.) Abbott has voluntarily dismissed others. (See D.E. # 337, 347, 358.)

2

Liberties Union v. Clapper, 785 F.3d 787, 825 (2d Cir. 2015); Salinger v. Colting, 607 F.3d 68, 79–80 (2d Cir. 2010).

## LEGAL CONCLUSIONS

As stated above, Abbott's request for a preliminary injunction is uncontested. As the Court has already twice found, Abbott is likely to succeed on the merits of its trademark-infringement claim because the differences between international and domestic FreeStyle test strips are material and the gray marketing of those strips interferes with Abbott's quality-control measures. (See First P.I. M&O at 8–15; Second P.I. M&O at 5–11.) Absent preliminary relief, Abbott will likely suffer irreparable harm to its consumer goodwill or reputation. (See First P.I. M&O at 15–23; Second P.I. M&O at 11–13.) The hardships balance in Abbott's favor, and preliminary relief does not disserve the public. (See First P.I. M&O at 23–24; Second P.I. M&O at 13–14.) Abbott therefore satisfies the requirements for preliminary injunctive relief.

## CONCLUSION

For these reasons, Abbott's request for a preliminary injunction is GRANTED. The attached ORDER details the terms of the injunction.

SO ORDERED.
Dated: April 28, 2016
Brooklyn, New York

Carol Bagley Amon
United States District Judge