# United States District Court
# Eastern District of New York

## MINUTE ORDER
## 15cv5826 (CBA)(MDG) Abbott Laboratories, et al. v. Adelphia Supply USA, et al.,

This order summarizes the rulings made at a discovery conference on May 6, 2016.

1. The parties should use best efforts to coordinate discovery and minimize the number of discovery requests. To the extent practicable, discovery should be coordinated among the defendants within the following classifications: (a) wholesaler and/or distributor defendants; (b) pharmacy and/or retailer defendants; and (c) customs broker and other defendants not in the foregoing categories. Each defendant must advise Derrell Janey, counsel for defendant HMF Distributing, Inc. (and other defendants) by May 15, 2016 regarding the category in which they seek to be classified. Individual defendants must elect to be in the same category as the corporation or business entity with which they are affiliated. Mr. Janey must file a report by May 17, 2016 listing each defendant by their self-selected category.

2. As Mr. Janey advised at the conference and in his letter to the court (DE 353), his firm and two other firms representing a total of 43 wholesaler and/or distributor defendants have been cooperating in developing a case management plan and coordinating discovery. To the extent practicable and not unduly burdensome, Mr. Janey and the other attorneys with whom he has been cooperating are requested to attempt to coordinate discovery with counsel for other wholesaler and/or distributor defendants.

Similarly, John Craig, counsel for certain pharmacy and/or retailer defendants, indicated at the conference that he and his firm intend to cooperate in discovery with attorneys representing certain other pharmacy and/or retailer defendants. To the extent practicable and not unduly burdensome, these attorneys are

requested to attempt to coordinate discovery with counsel for other pharmacy and/or retailer defendants.

3. To facilitate the exchange of discovery, plaintiffs have agreed to create, at their expense, a web-based repository to store all written discovery requests and responses, including all documents produced, in this action. All discovery requests and responses shall be exchanged through this web-based repository to be established. Each defendant must review the requests contained in the repository prior to serving their own requests. No defendants will be permitted to serve plaintiffs with any discovery requests which are duplicative of requests already served by other defendants.

4. Initial disclosures must be served by the following dates: by plaintiffs -- May 20, 2016; by the defendants named in the First Amended Complaint -- June 2, 2016; and by the defendants added in the Second Amended Complaint -- June 10, 2016.

5. Before any defendant, or group of defendants, may serve a discovery request, such defendant must circulate the request to all other defendants within the same classification at least one week before the contemplated date for service of the request, subject to the following restrictions on timing:

(A) The group of wholesaler and/or distributor defendants coordinated by Mr. Janey's firm may not serve discovery requests on plaintiffs before June 9, 2016. H&H Wholesale Services, Inc., Howard Goldman and Lori Goldman ("H&H) advised at the conference that they intend to conduct discovery independently of other wholesaler and/or distributor defendants. H&H may not serve discovery requests on plaintiffs before June 10, 2016. Any other wholesaler and/or distributor defendant not working with the coordinated group of defendants may not serve discovery requests before June 16, 2016.

(B) The coordinated group of pharmacy and/or retailer defendants coordinated by Mr. Craig's firm may not serve discovery

requests before June 17, 2016.  Any other pharmacy and/or retailer defendant may not serve discovery requests before June 24, 2016.

(C) Absolute Freight Services and Luis Soto, and any other defendant in the "other" classification of defendants may not serve discovery requests before June 24, 2016.

6.  Responses to discovery requests shall not be due until the later of 30 days after disposition of the motions to stay or 30 days after service of the requests.

A scheduling order for the remaining discovery will be discussed at the next conference scheduled for June 30, 2016 at 10:00 a.m.

**SO ORDERED.**

Dated:   Brooklyn, New York
         May 10, 2016

                                    _/s/_____
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE