```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
```

ABBOTT LABORATORIES, et al.,

        Plaintiffs,

        - against -

ADELPHIA SUPPLY USA, et al.,

        Defendant.

ORDER

CV 2015-5826 (CBA)(MDG)

```
- - - - - - - - - - - - - - - - - -X
```

By letter motion dated June 29, 2016, defendants Fifty50 Medical LLC and George Lynch move for a stay of discovery pending disposition of their motion to dismiss for lack of personal jurisdiction. See ct. doc. 633. Plaintiffs oppose defendants' application. See ct. doc. 681.

## DISCUSSION

Under Fed. R. Civ. P. 26(c), a district court may stay discovery during the pendency of a motion to dismiss for "good cause" shown. See Hong Leong Finance Ltd. (Singapore) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 72 (S.D.N.Y. 2013); In re Currency Conversion Fee Antitrust Litig., 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002); United States v. County of Nassau, 188 F.R.D. 187, 188 (E.D.N.Y. 1999). The mere filing of a motion to dismiss does not constitute "good cause" for the issuance of a stay. See Hong Leong, 297 F.R.D. at 72; In re Currency Conversion, 2002 WL 88278, at *1; County of Nassau, 188 F.R.D. at 188. Courts consider the following factors in determining

whether a stay is appropriate: 1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; 2) the breadth of discovery and the burden of responding to it; and 3) the risk of unfair prejudice to the party opposing the stay. See Hong Leong, 297 F.R.D. at 72; Telesca v. Long Island Housing Partnership, Inc., 2006 WL 1120636, at *1 (E.D.N.Y. Apr. 27, 2006); In re Currency Conversion, 2002 WL 88278, at *1. Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation. See Telesca, 2006 WL 1120636, at *1; Hachette Distribution, Inc. v. Hudson County News Co., Inc., 136 F.R.D. 356, 358 (E.D.N.Y. 1991).

This Court has preliminarily reviewed the papers served to date by the parties with respect to defendants' motion to dismiss. The moving defendants argue in support of their motion that they conduct 95% of their business in Texas and cannot be subject to the jurisdiction of courts in New York simply for purchasing test strips from a New York seller. They make a colorable showing sufficient to raise doubts as to whether jurisdiction is proper in this Court. In addition, defendants point out that the discovery sought by plaintiffs is extensive and would be burdensome and that plaintiffs would not suffer undue prejudice if a stay issued since defendants are subject to a preliminary injunction.

However, notwithstanding these factors weighing in favor of staying discovery, this Court finds that defendants have not demonstrated good cause for a stay. As plaintiffs contend, even if defendants' motion were granted, any dismissal would be without prejudice to refiling in an appropriate jurisdiction. Any discovery taken here will be available for use in any subsequent related action. Thus, granting a stay would not ultimately spare defendants from any burdensome discovery but would delay the resolution of either this case or any subsequent case filed in another jurisdiction. See DSM Desotech, Inc. v. Momentive Specialty Chemicals, Inc., 2015 WL 7450893, at *11-*12 (S.D. Ohio 2015); Bolletino v. Cellular Sales of Knoxville, Inc., 2012 WL 3263941, at *2 (E.D. Tenn. 2012); Oxford Lending Group, LLC v. Underwriters at Lloyd's London, 2010 WL 4026145, at *2 (S.D. Ohio 2010); Charvat v. NMP, LLC, 2009 WL 3210379, at *2 (S.D. Ohio 2009).

Defendants also argue that absent a stay, if this Court grants defendants' motion and plaintiffs refile in Texas, defendants will have to repeat in Texas the discovery performed here. However, defendants do not explain why the discovery produced in this action could not be utilized in a subsequent related action between the parties. In addition, even if plaintiffs did not refile this action, plaintiffs would likely continue to seek discovery from defendants as non-parties. Thus, discovery of the moving defendants is inevitable regardless of the outcome of their motion to dismiss. See Hachette

<u>Distribution</u>, 136 F.R.D. at 358-59.

## CONCLUSION

For the foregoing reasons, the defendants' motion for a stay is denied.

**SO ORDERED.**

Dated:    Brooklyn, New York
           August 4, 2016

                                      /s/
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE