# SPRINGUT LAW PC

**VIA ECF**
June 6, 2018

Honorable James Orenstein
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Honorable Lois Bloom
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Med-Plus, Inc. v. American Casualty Ins. Co. of Reading, PA d/b/a CNA*
16 Civ. 2985-NGG-JO

Re: *Abbott Laboratories v. Adelphia Supply USA, et al.*
15 Civ. 5826-CBA-LB

Dear Judges Orenstein and Bloom:

We represent H&H Wholesale Services Inc., Howard Goldman, and David Gulas (collectively "H&H"), who are defendants in the action brought by Abbott Laboratories referenced above ("*Abbott I*") as well as defendants in a second action brought by Abbott, *Abbott Laboratories v. H&H Wholesale Services, Inc., et al.* 17 Civ. 3095-CBA-LB ("*Abbott II*"). *Abbott I* is a large action with over 200 defendants, including H&H and Med-Plus.

We understand that Med-Plus has brought an action against its insurer for coverage in in the first above-referenced action (the "CNA Coverage Case"), related to the defense of the *Abbott I* case. We were informed only yesterday that CNA has filed a motion in the CNA Coverage Case to permit disclosure of documents and deposition transcripts from the *Abbott I* case to CNA that have been designated CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY.

Honorable James Orenstein
Honorable Lois Bloom
June 6, 2018
Page 2

First, we are astounded that CNA has been permitted to seek, indirectly, modification of a protective order in another pending case in this Court, *without any notice to the other parties in that case*. The lack of notice is particularly baffling, given that CNA's proposed order provides for notice to the parties in *Abbott I*, but only after the Court enters the Order.

H&H, and the other parties in the *Abbott I* case, have significant confidentiality interests in information and documents disclosed there. The Court should not proceed without the parties in *Abbott I* being consulted as to how their confidential information is to be handled.

We are constrained to note that this is now the second time that H&H's confidential information has been placed in jeopardy. In *Abbott I*, H&H was ordered to disclose a highly sensitive customer list, which was ostensibly protected by the protective order. Abbott then proceeded to file that, under seal, in *Abbott II*. Later, the Court ordered the entire record in Abbott II to be unsealed. Counsel for Abbott, who knew the customer list was part of the sealed documents because they were the ones that had included it, nevertheless failed to disclose that fact and consented to its unsealing. The customer list was posted on PACER for weeks before the error was discovered and the documents re-sealed upon emergency request of H&H, during which time the list was exposed to public scrutiny and, more importantly, to scrutiny and use by all of H&H's competitors. As a direct consequence, H&H suffered significant damage to its business, which is ongoing.

H&H thus objects to any disclosure of its information or documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY in the *Abbott I* case. We do not see the relevance of these documents to the CNA Coverage Case. As we understand it, CNA contends that there was no need for Med-Plus's counsel to attend the depositions of Med-Plus's co-defendants in *Abbott I*, including H&H. But the decision to attend those depositions was clearly made *before* any testimony was given, and thus must be justified based on the issues in the case. We do not see how the substance of those depositions would add anything to the inquiry of whether counsel's attendance was appropriate. [1]

If, however, the Court believes that production of these transcripts and other documents to CNA is necessary, it should do so on a much more limited basis:

---

[1] Like Abbott Laboratories, we do not object to production of the appearance pages of the deposition transcripts. (*See* Abbott Labs. letter of June 6, 2018, filed in the CNA Coverage Case, Dkt. No. 53 at 2 n. 1)

Honorable James Orenstein
Honorable Lois Bloom
June 6, 2018
Page 3

(1) CNA's proposed order incorporates the prior protective order in the CNA Coverage Case. That prior order permitted disclosure to "[a]nyone within the CNA Group of Companies." (CNA Motion, Dkt. 50 in CNA Coverage Case, Exh. B, par. 3(a). Disclosure should be limited to outside counsel who is of record in the Court in the same manner as the Protective Order in *Abbott 1*.

To the extent it is necessary that someone at CNA review the transcripts, that should be limited to a single, in-house counsel, who must sign onto the protective order.

(2) We agree with Abbott that the temporal limitation of not making public the confidential information only during the pendency of the *Abbott I* case (*see* Abbott Labs. letter of June 6, 2018, filed in the CNA Coverage Case, Dkt. No. 53 at 3) is wholly inappropriate, and indeed is not consistent with the Protective Order in *Abbott I*.

(3) Certain of the deposition transcripts related to H&H were taken in both *Abbott I* and *Abbott II* together. As noted, H&H has many co-defendants, including Med-Plus, in *Abbott I,* but no co-defendants in *Abbott II*. Magistrate Judge Bloom ordered Abbott's counsel to complete the portion related to *Abbott I* first, and then counsel for the co-defendants, including Med-Plus's counsel, ceased attending by phone. The portion related to *Abbott II* was then taken. This occurred at the depositions of three H&H witnesses.

As to those transcripts, we see no reason for production of the second portions related only to *Abbott II*. Med-Plus's counsel did not attend those portions, and thus they have no relevance to the CNA Coverage Case.

Accordingly, these portions of these transcripts should be removed or redacted.

Respectfully Submitted,

Milton Springut

Milton Springut

*Counsel for H&H Wholesale Services Inc.,
Howard Goldman, and David Gulas*

cc:   All counsel (via ECF)

441817.1