UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ABBOTT LABORATORIES, et al.,

                Plaintiffs,

  -against-

ADELPHIA SUPPLY USA, et al.,

                Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-5826 (CBA) (LB)

**AMON, United States District Judge:**

On May 10, 2024, Abbott Laboratories, Abbott Diabetes Care Inc., and Abbott Diabetes Care Sales Corporation moved for default judgment and a permanent injunction against thirty-three corporate defendants and fifty-five individual defendants. (ECF Docket Entry ("D.E.") # 2084 ("Pl. Mot.") 1 nn.1-3.) Plaintiffs' claims against Defendants arise out of the Lanham Act. (Pl. Mot. 8.) Plaintiffs have since settled with one corporate defendant and two individual defendants, leaving eighty-five defendants at issue in this motion. (D.E. # 2111 ("R&R") n.1.) Plaintiffs seek solely injunctive relief against fifty-seven defendants, both injunctive relief and damages against twenty-two defendants, and solely damages against six defendants.[1] (Pl. Mot. 1 nn.1-3.)

On May 13, 2024, I referred this motion to the Honorable Lois Bloom, United States Magistrate Judge, for report and recommendation. On August 22, 2024, Judge Bloom issued a report and recommendation. (R&R.) In her R&R, Judge Bloom recommended that I grant all relief sought in Plaintiffs' motion for default judgment except for their request for prejudgment

---

[1] I have attached three appendices to this opinion. Appendix A lists defendants against whom Plaintiff seeks solely injunctive relief, Appendix B lists defendants against whom Plaintiff seeks both injunctive relief and damages, and Appendix C lists defendants against whom Plaintiff seeks solely damages.

1

interest. (R&R 22-23.) Between August 27, 2024 and September 5, 2024, Plaintiffs caused all default judgment papers to be served properly under the Court's local rules. (D.E. # 2116.)

When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). No party has objected to the R&R, and the time for doing so has passed. After reviewing the record and finding no clear error, I adopt the R&R in full.

Therefore, I GRANT Plaintiffs' motion for default judgment in part on the merits of their Lanham Act claims. I award damages to Plaintiffs against the defendants listed in Appendices B and C in the amounts listed in those appendices. I grant Plaintiffs a permanent injunction against the defendants listed in Appendices A and B. I will issue the permanent injunction in a separate order.

SO ORDERED.

Dated: September 20, 2024
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge

# APPENDIX A

Below is a list of parties against whom Plaintiff only seeks injunctive relief.

| Party Name |
| --- |
| Al Gray |
| Astute Healthcare Ltd. |
| Bay Pharmacy Inc. |
| Brian McClelland |
| Chaya Braish |
| Christopher Aarons |
| Clinton Herman |
| Danjal Hansen |
| David Strathy |
| Delwar Kahn |
| Diptibahen Patel |
| Discover Pharmacy Inc. |
| Guy Savia |
| Hetasveeben Mahendrabhai Vanapariya |
| Jacqueline Herrera |
| James H. Redecopp |
| Jennifer Herman |
| Joel Silberstein |
| Johnny K. Chan |
| Kenneth Ruiz |
| Kimberly Stevens |
| Larke Drugs, Inc. |
| Luis Santiago |
| Magchop, LLC |
| Marleny Canete |
| Medex Supply Distributors Inc. |
| Moshe Braish |
| N A & S Drugs, Inc. |
| Nabila Chaudhry |
| Nader Parsian |
| Noemi Ruiz |
| Nouri Ftiha |
| NPR BioMedical Inc. |
| Overstockdrugstore.com LLC |
| Paritosh Mazumder |
| Patricia Herman |
| Prasad Venigalla |
| Qaiser Chaudhry |
| QRx Pharmacy and Healthcare Suppliers, Inc. |
| Raleigh Paolella-Titschinger |

| |
|---|
| Rick Evenson |
| Sajid Javed |
| Savoy Medical Products LLC |
| Sayed Raza |
| Sherwood Prime, Inc. |
| Terrific Care LLC |
| TGIS Pharmacy, Inc. |
| Thomas Gulik |
| Tiffany Riggs |
| Tori Goldstein |
| Total Pharmacy, Inc. |
| Trusted Medical Supply LLC |
| Valley Liquidation Services LLC |
| YS Marketing Inc. |
| Yusuf Muse |
| Yuxin Xie |
| YX Enterprices Corp. |

## APPENDIX B

Below is a list of parties against whom Plaintiff seeks both damages and injunctive relief.

| Party Name | Amount of Damages |
|---|---|
| Carepointe Health Care Corp. and Gregory S. Dixon | $147,680.76 |
| Children's Clinic Pharmacy | $154,070.96 |
| Comply USA Inc., Irany Nir, Ofek Messika, and Kimberly Paskiewicz | $665,966.16 |
| Danny Katz | $40,643.60 |
| Delray Mktg., LLC and Steve Michaels | $639,896.38 |
| Globe Wanted | $987,325.18 |
| Medical Discount Services, Inc., Medical Discount Services LLC, and Brian Mesika | $2,078,132.14 |
| Pharmacy Wholesale Services Inc. and Douglas Parker Rudderham | $2,089,957.36 |
| Product Trade Servs., Ltd. and Nigel Huw Bush | $1,606,201.80 |
| Tri-State Medical Supplies Corp., Erwin Ganzfried, Mordechai Kritzler and Albert Kritzler | $2,174,850.96 |

## APPENDIX C

Below is a list of parties against whom Plaintiff only seeks damages.

| Party Name | Amount of Damages |
|---|---:|
| Absolute Freight Services, Inc. and Luis Soto | $11,405,277.08 |
| Globalmed Limited and Paul Michael Capper | $31,765,253.58 |
| Priority Care Pharmacy, LLC and Konie Minga | $290,759.06 |